UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAWSAN JARBO, ET AL.,

       Plaintiffs,

v.

BAC HOME LOAN SERVICING, ET AL,

       Defendants.

_____/

Case No. 10-12632

Honorable Nancy G. Edmunds

## OPINION AND ORDER GRANTING DEFENDANT FIFTH THIRD BANK'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS' ATTORNEY [91]

This matter comes before the Court on Defendant Fifth Third Bank's motion asking this Court to impose sanctions against Plaintiffs and their counsel under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power to sanction. For the reasons stated more fully below, Defendant's motion is GRANTED. This Court sanctions Plaintiffs' counsel under Rule 11 and 28 U.S.C. § 1927, requires Plaintiffs' counsel pay to Defendant Fifth Third Bank the attorney fees and costs it reasonably incurred in defending this action, and ORDERS Defendant Fifth Third to submit to the Court an accounting of the costs and reasonable attorney fees it incurred in defending this action within 30 days of the entry of this Opinion and Order. Plaintiffs' counsel shall then have 14 days from the date of Defendant's submission to file objections, if any, to Defendant's calculations.

## I.    Facts

On April 26, 2010, the 50 individual named Plaintiffs filed this action in state court against some 20 Defendant Lenders/Servicers alleging multiple claims. Defendant Fifth

Third Bank is one of those Lenders/Servicers.  On May 12, 2010, Plaintiffs filed a First Amended Complaint adding 50 unidentified Defendant Lenders/Servicers ("Doe Defendants").  This matter was removed to federal court on May 12, 2010; and, in an August 16, 2010 order, this Court concluded that, although complete diversity does not exist, it has subject matter jurisdiction over the claims asserted in Plaintiffs' amended complaint.

### A. Plaintiffs' Amended Complaint

In their amended complaint, Plaintiffs state that their claims all arise from Defendants' conduct in connection with the mortgage loan origination and/or servicing and/or assignment process employed in their individual mortgage loans.  Plaintiffs fail to separate out their claims despite the fact that the alleged claims arise out of separate and distinct loan transactions that the individual Plaintiffs made with their respective Defendant Lenders.  Plaintiffs assert the following claims against all Defendants:

Count I      -      seeking an injunction against foreclosures
Count II     -      seeking a declaration that Defendants are not Holders
                     of the Mortgage Notes and Mortgage and thus have no
                     authority to foreclose on Plaintiffs' real property
Count III    -      seeking to Quiet Title
Count IV     -      alleging a Civil Conspiracy
Count V      -      alleging fraudulent or negligent misrepresentation
Count VI     -      alleging innocent misrepresentation
Count VII -      alleging a "prima facie tort"
Count VIII-      (mis-numbered as Count IX) alleging breach of contract

Defendant Fifth Third Bank is not related to or affiliated with any other Defendant.  Of the 50 named Plaintiffs, only nine have or had a mortgage loan with Defendant Fifth Third.  One of the mortgage loans was paid off in 2005 – five years before this suit was filed.  None of the other Fifth Third mortgage loans have pending foreclosure proceedings.  None

were assigned to MERS.  In fact, only one of the mortgage loans was assigned – Defendant Fifth Third Bank sold and assigned Ghassan Daood's note and mortgage to Freddie Mac, a federal government-sponsored enterprise pursuant to the terms of Mr. Daood's mortgage.  (Def.'s Mot. at 2.)

### B.  Only Nine Plaintiffs Assert Claims Against Defendant Fifth Third Bank

A breakdown of Plaintiffs that have or had mortgage loans with Defendant Fifth Third Bank is as follows:

| Plaintiff/ Borrower | Originating Lender | Loan Amount/ Type of Loan | Closing Date | Mortgage Servicer |
|---|---|---|---|---|
| Jamil & Suhaila** Jarbo (Husb/Wife) | Wellington Mtge. Company | $139,000.00 (Refinance) | 06/27/95 | |
| | Assigned to Fifth Third's Predecessor | | 07/03/95 | |
| Ghassan Daood* | Source One Mtge Co. | $142,000.00 (1st Mtge) | 04/01/04 | |
| | Assigned to Fifth Third | | 04/06/04 | |
| | Assigned to Freddie Mac | | | Fifth Third |
| Laura Corso* | Fifth Third Bank | $ 75,000.00 (Equity L/C) | 11/09/05 | Fifth Third |
| Al Mekha* | Fifth Third Bank | $ 90,000.00 (Equity L/Cr/3d mtge) | 01/27/06 | Fifth Third |
| Salwan Jezrawi and Aziza Issaq* (Husband/Wife) | Fifth Third Bank | $ 38,619.50 (Installment Mtge Loan/2d mtge) | 06/30/04 | Fifth Third |
| George Jajo* | Fifth Third Bank | $113,000.00 (Equity L/Cr/mtge) | 10/17/06 | Fifth Third |
| Nadir Zetona* | Fifth Third Bank | | | Fifth Third |

**\*No pending foreclosure proceedings [107].**
**\*\*Loan Pd off in 2005 (Def. Fifth Third Mot. at 2].**

### C. Post-Complaint Events Relevant to Plaintiffs' Claims

On July 6, 2010, in *Mekani v. Homecomings Financial, LLC*, ___ F. Supp. 2d ___, 2010 WL 2681077 (E.D. Mich. July 6, 2010), another action filed by Plaintiffs' counsel in this Court, the Court dismissed with prejudice many of the same claims Plaintiffs assert in this action. For example, in *Mekani*, the plaintiff's substantially similar claims of civil conspiracy, fraudulent misrepresentation, and breach of contract were dismissed because they were barred by the relevant statute of limitations. *Id.* at *3. The plaintiff's fraud claims were dismissed because they were not pled with particularity, and the Court rejected many of the same arguments raised in Plaintiffs' Responses here. *Id.* at **5-7. The plaintiff's quiet title claim was dismissed because no grounds entitling the plaintiff to this relief were provided. *Id.* at 9.

Accordingly, as of July 6, 2010, Plaintiffs' counsel was on notice that many of the claims asserted in this action lacked factual or legal support.

On August 20, 2010, Defendant Fifth Third Bank filed its motion to dismiss in this action [54]. Before it did, Defendant's counsel contacted Plaintiffs' counsel, Ziyad Kased, and advised him that many of the factual allegations in Plaintiffs' amended complaint were false and lacked legal support and warned that Defendant would seek sanctions if Plaintiffs did not dismiss their action against Fifth Third Bank.

Plaintiffs' counsel did not dismiss its action against Defendant Fifth Third Bank. Rather, he filed a Response to Defendant's motion to dismiss that restated the same factual allegations and raised many of the legal arguments recently rejected by the *Mekani* Court.

On October 6, 2010, Defendant Fifth Third Bank notified Plaintiffs' counsel by letter

that this action was frivolous and that Defendant intended to file its motion for sanctions after 21 days unless Plaintiffs withdrew their claims against Defendant.

On October 28, 2010, in *Battah v. ResMAE Mortgage Corp.*, ___ F. Supp. 2d ____, 2010 WL 4260530 (E.D. Mich. Oct. 28, 2010), another action filed by Plaintiffs' counsel in this Court, the Court once again dismissed with prejudice many of the same claims Plaintiffs assert in this action. Similar to this action, the plaintiff brought claims for injunctive and declaratory relief and asserted claims for quiet title, civil conspiracy, fraudulent misrepresentation, and breach of contract. *Id.* at *1. Although the court agreed with the defendants that the plaintiff's claims for injunctive and declaratory relief and to quiet title lacked merit, it applied the *Rooker-Feldman* abstention doctrine and remanded these claims to state court because they challenged the validity of a foreclosure and sheriff's sale that had already occurred and were inextricably intertwined with eviction proceedings pending in the state court. *Id.* at *3. The *Battah* court then determined that, because the plaintiff's remaining claims did not arise from state court proceedings and arose from actions the defendants took prior to foreclosure, it had subject matter jurisdiction over them. The *Battah* court then dismissed the remaining claims, including claims for fraudulent misrepresentation, civil conspiracy, and breach of contract that are substantially similar to those raised by Plaintiffs' counsel here. It rejected arguments raised in the plaintiff's response that are substantially similar to those raised by the same counsel here in his Response to Defendant's motion to dismiss. *Id.* at **4-7.

On November 1, 2010, because Plaintiffs had not withdrawn their claims against Defendant Fifth Third within Rule 11(c)'s safe harbor period, Defendant filed this motion for sanctions [91].

## II. Analysis

Defendant Fifth Third Bank's motion for sanctions is now before the Court. Defendant argues that Plaintiffs Jamil and Suhaila Jarbo, Ghassan Daood, Laura Corso, Al Mekha, Salwan Jezrawi and Aziza Issaq, George Jajo and Nadir Zetona ("Fifth Third Plaintiffs") and Plaintiffs' counsel, Ziyad Kased, should be sanctioned under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power for filing a frivolous lawsuit against it. Specifically, Defendant argues that many of the factual allegations in the amended complaint regarding the Fifth Third Plaintiffs have no evidentiary support and will not likely have that support even after a reasonable opportunity for further investigation. Defendant further argues that had Plaintiffs' counsel performed an objectively reasonable investigation of the Fifth Third Plaintiffs' loan accounts, their loan transaction documents, and their recorded mortgages, and the prevailing law, Plaintiffs' counsel would have known that:

(1) Plaintiffs Jamil and Suhaila Jarbo's claims are time barred. Their mortgage loan was closed in 1995. Defendant Fifth Third never sold, assigned, or transferred their note and mortgage to anyone. Defendant closed their account in 2005 when they paid off their loan.

(2) Plaintiff Ghassan Daood's note and mortgage were sold and assigned by Defendant to Freddie Mac, a federal government-sponsored enterprise pursuant to the terms of the Daood mortgage.

(3) Contrary to Plaintiffs' allegations, Defendant Fifth Third Bank never sold, assigned, or transferred the notes and mortgages of the other Fifth Third Plaintiffs to anyone.

(4) Based on existing case law, Plaintiffs' counsel should have known that many of the Fifth Third Plaintiffs' claims are time barred or subject to dismissal for the reasons stated in the numerous other similar mortgage-related cases recently filed in this Court by Plaintiffs' counsel and others.

Plaintiffs' counsel's response fails to adequately address any of these issues. Rather, Plaintiffs' counsel continues to advance unsupported conspiracy theories and multiplies the

6

pleadings with 1,478 pages of documents that he fails to connect to the claims alleged in Plaintiffs' amended complaint or arguments that would defeat a motion for sanctions.

This Court is persuaded that sanctions are warranted against Plaintiffs' counsel Ziad Kased under Rule 11 and 28 U.S.C. § 1927. Rule 11 is addressed first.

## 1. Rule 11 Sanctions

Rule 11(b) provides that an attorney who submits a pleading to the court, "certifies that to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). Rule 11(b) also "imposes on litigants a continuing duty of candor, and a litigant may be sanctioned for continuing to insist upon a position that is no longer tenable." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (internal quotation marks and citation omitted).

Rule 11(c)(2) contains a "safe harbor" provision. It provides that the party seeking sanctions must serve the motion for sanctions under Rule 5 on the opposing party "but it must not be filed or be presented to the court if the challenged paper, claim, defense,

contention or denial is withdrawn or appropriately corrected within 21 days after service. . . ." Defendant has satisfied this safe harbor provision.

At the December 15, 2010 hearing, Defendant's counsel provided the Court with the letter it sent to Plaintiffs' counsel on October 6, 2010 notifying him of its intent to file its attached motion for sanctions if Plaintiffs' counsel did not withdraw the claims asserted against it. Plaintiffs' counsel did not withdraw the claims asserted against Defendant Fifth Third Bank, and Defendant's motion for sanctions was filed with the Court after the 21-day safe harbor period expired. Having determined that the safe harbor provisions have been satisfied, the Court now considers whether Rule 11 sanctions are warranted.

If a court determines that Rule 11(b) has been violated, it may impose monetary sanctions on the attorney responsible for the violation. *See id.* (quoting Fed. R. Civ. P. 11(c)(4) ("Rule 11 expressly provides that 'if imposed on motion and warranted for effective deterrence,' sanctions may include 'an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'"). The test for imposing Rule 11 sanctions "is whether the attorney's conduct was objectively unreasonable under the circumstances." *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005). This objective standard is "intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." *Id.* at 353. As the Sixth Circuit observed in *Nieves*, the district court has broad discretion on the issue of Rule 11 sanctions. "Because the district court knows best how to regulate its forum, it has broad discretion in determining when a sanction is warranted and what sanction is appropriate." *Id.*

Upon careful review of the record and the existing case law, this Court agrees with

Defendant that there is little evidentiary support for the Fifth Third Plaintiffs' claims. Had Plaintiffs' counsel conducted an objectively reasonable investigation of the available facts, he would have known that one of the subject mortgage loans was paid off in 2005 and that many of the Fifth Third Plaintiffs' claims were time-barred. Moreover, because Plaintiffs' counsel here was also the counsel in *Mekani* and *Battah*, he should have been aware that Plaintiffs' other claims were not warranted by existing law. Finally, Plaintiffs' counsel failed to provide arguments that he had a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law that would save the claims asserted in Plaintiffs' amended complaint. Accordingly, sanctions are warranted under Rule 11(b).

The Court now addresses Defendant Fifth Third Bank's arguments that sanctions are also appropriate under 28 U.S.C. § 1927.

### 2. Section 1927 Sanctions

"Section 1927 allows a court to require an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Rentz*, 556 F.3d at 396 (quoting 28 U.S.C. § 1927). An attorney may be sanctioned under § 1927 "without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Id.* (internal quotation marks and citation omitted).

The circumstances here warrant that § 1927 sanctions be imposed against Plaintiffs' counsel Ziad Kassed to satisfy personally the costs and attorney fees incurred by Defendant Fifth Third Bank in defending this action. Under the circumstances of this case, a reasonable attorney should have know that many of the claims asserted by the Fifth Third

Plaintiffs did not have evidentiary support and further discovery would not change that fact. A reasonable attorney should have known that, based on a review of the relevant statutes and prevailing decisions, including those issued in similar cases filed by Ziad Kassed, that the claims asserted by the Fifth Third Plaintiffs lacked factual and legal support. Plaintiffs' counsel has continued to prosecute of this action despite these recent rulings. He has repeatedly filed materials from recent Senate investigative hearings concerning mortgage-industry foreclosure problems yet fails to connect the Fifth Third Plaintiffs' claims to these documents. In addition to this action, Plaintiffs' counsel, Ziyad Kased, has three similar multi-plaintiff/multi-defendant actions presently pending in this Court raising similar claims. *See Salama, et al. v. Saxon Mortgage Services, Inc., et al.*, Case No. 20-12364 (Tarnow, J.); *Rea, et al. v. Chase Home Finance LLC, et al.*, Case No. 10-12718 (Zatkoff, J.); and *McKay, et al. v. Chase Home Finance LLC, et al.,* Case No. 10-12870 (Hood, J.). In addition to *Mekani* and *Battah*, Plaintiffs' counsel has also filed similar actions on behalf of one or two plaintiffs. *See, e.g., Seman v. National City Home Equity, et al.*, Case No. 10-11009 (Cohn, J.) (closed 11/05/10); *Abro v. JP Morgan Chase Bank, N.A., et al.*, Case No. 10-11949 (Murphy, J.) (closed 11/10/10). Each of these actions involve nearly identical claims. Plaintiffs' counsel has not succeeded on any of his claims in any of these actions.

## III.  Conclusion

For the above-state reasons, Defendant Fifth Third Bank's motion for sanctions is GRANTED. Plaintiffs' counsel is hereby ORDERED to pay to Defendant Fifth Third Bank the attorney fees and costs it reasonably incurred in defending this action.

It is further ORDERED that Defendant Fifth Third Bank submit to the Court an

accounting of the costs and reasonable attorney fees it incurred in defending this action within 30 days of the entry of this Opinion and Order.  Plaintiffs' counsel shall then have 14 days from the date of Defendant's submission to file objections, if any, to Defendant's calculations.


                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated:  December 16, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 16, 2010, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer
                    Case Manager