UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAWSAN JARBO, ET AL.,

     Plaintiffs,

v.

FIFTH THIRD BANK, ET AL,

     Defendants.
_____/

Case No. 10-12632

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART DEFENDANT FIFTH THIRD BANK'S PETITION FOR ATTORNEY FEES AND COSTS [126]**

On December 16, 2010, this Court granted Defendant Fifth Third Bank's motion and sanctioned Plaintiffs' attorney under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 [91]. In response to the Court's order, Defendant Fifth Third Bank submitted a Declaration of costs and attorney fees seeking costs in the amount of $112.86 and attorney fees in the amount of $65,864.00 [126]. Plaintiffs' counsel Ziyad Kased filed objections complaining that Defendant's counsel's Declaration and submission failed to identify whether the individuals for whom Fifth Third was seeking attorney fees were attorneys as opposed to law student clerks or paralegals or others, failed to provide each individual's normal billing rate, failed to provide information about each attorney's experience and areas of practice and other information required for the Court to determine whether the requested hourly rates are reasonable, and failed to separate out time spent by each individual (and dollar amount attributed to that time) on remand issues, motions to sever, Defendant Fifth Third's motion to dismiss, and Defendant Fifth Third's motion for

sanctions.

After reviewing Mr. Kased's objections, this Court issued an order requiring Fifth Third's counsel to provide the Court with the above information [136], and it was subsequently provided [137]. Without explanation, Defendant Fifth Third's request for attorney fees is now $48,111.00. This amount is $17,753.00 less than the original request for $65,864.00. Attorney Kased, in his original and supplemental brief [168] emphasizes this unexplained discrepancy, points to similar activity in a similar matter, *Abro v. JP Morgan Chase, et al.*, Case No. 10-11949 (Murphy), where the same defense counsel as here sought only $28,000 in attorney fees in sanctions and settled for $4,000. Mr. Kased also assures the Court that he is currently working to dismiss all similar cases that he has filed in federal court and will not file similar lawsuits in the future, and thus asks the Court not to overburden him with an excessive amount of attorney fees for a case that required no discovery and was resolved on a motion to dismiss.

For the reasons set forth below, this Court GRANTS IN PART Defendant Fifth Third Bank's petition for attorney fees and costs but substantially reduces the award of attorney fees.

**I.  Analysis**

"In an attorneys' fee case, the primary concern is that the fee awarded be 'reasonable.' . . . The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). The Court first addresses the issue of a reasonable hourly rate.

In order to determine whether Defendant's requested hourly rates are reasonable, the

Court looks to "'[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). This Court has "discretion to accept, reject, or modify [Defendant's] requested rates based on its experience and knowledge of the relevant marketplace." *Roland v. Johnson*, No. 91-1460, 1992 WL 214441, *3 (6th Cir. Sept. 4, 1992). In determining a reasonable hourly rate, this Court has considered the attorneys' level of experience and the services they provided, Defendant counsel's declaration and supplemental submission regarding attorney fees, and the on-line versions of the 2010, 2007, and 2003 State Bar of Michigan *Economics of Law Practice Attorney Income and Billing Rate Summary Report*.[1] Based on this review, the Court determines that a reasonable hourly rate for attorneys van der Laan and Sumerville (who have 11 to 15 years of experience and work in the Grand Rapids and Downtown Detroit area, respectively) is $225 and $255, respectively.[2] The Court also determines that a reasonable hourly fee for attorneys Robert Ellis and Timothy Kuhn (associates with 1 to 2 years of experience) is $163, for attorney Elisa Lintemuth (an associate with less than 1 year experience) is $150, for paralegal Nancy Kimball is $100, and for law student John Rhoades is $75.[3]

---

[1] The Sixth Circuit has approved the use of the State Bar of Michigan reports in calculating prevailing rates. *See, e.g., Lamar Adver. Co. v. Charter Twp.*, Nos. 04-2500, 04-2521, 2006 WL 1133309, *2-3 (Apr. 27, 2006); *Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, No. 04-1764, 2005 WL 3149673, *1 (6th Cir. Nov. 23, 2005).

[2] 2010 *Economics of Law Practice Summary Report* at 7, 9.

[3] 2010 *Economics of Law Practice Summary Report* at 7; 2007 *Economics of Law Practice Summary Report* at 24.

The Court now addresses the issue of reasonable hours. It must exclude hours determined not to be reasonably expended. *See Henseley v. Eckerhart*, 461 U.S. 424, 434 (1983). To this end, the Court excludes all time billed on removal because this was an issue raised by the Court and addressed by a Defendant other than Defendant Fifth Third. All time billed on motions to sever, which were never considered, are likewise excluded. The Court will consider only the time billed in connection with Defendant Fifth Third Bank's motions to dismiss and for sanctions. Because similar motions to dismiss have been litigated in similar cases in this Court, the 70.3 hours billed by Attorney van der Laan is reduced to 50.3 hours. Accordingly, the revised breakdown of time/amount billed in connection with Defendant Fifth Third Bank's motion to dismiss is as follows:

|   | | Time | Hourly Rate | Amount Billed |
|---|---|---|---|---|
| . | Mark D. van der Laan | 50.3 hours | $225.00 | $11,317.50 |
| . | T.L. Summerville | 0.2 hours | 255.00 | 51.00 |
| . | Robert Ellis | 0.2 hours | 163.00 | 32.60 |
| . | Timothy Kuhn | 6.7 hours | 163.00 | 1,092.10 |
| . | Elisa Lintemuth | 0.8 hours | 150.00 | 120.00 |
| . | John Rhoades | 2.0 hours | 75.00 | 150.00 |
| . | Nancy Kimball | 1.2 hours | 100.00 | 120.00 |
| | TOTAL | 61.4 hours | | $12,883.20 |

The Court also finds the 27.7 hours billed by Attorney van der Laan on the motion for sanctions to be excessive and thus reduces his billable hours to 17.7. Accordingly, the revised breakdown time/amount billed in connection with Defendant Fifth Third Bank's motion for sanctions is as follows:

4

|   | | Time | Hourly Rate | Amount Billed |
|---|---|---|---|---|
| . | Mark D. van der Laan | 17.7 hours | $225.00 | $ 3,982.50 |
| . | T.L. Summerville | 1.1 hours | 255.00 | 280.50 |
| . | Robert Ellis | 0.0 hours | 163.00 | --- |
| . | Timothy Kuhn | 0.0 hours | 163.00 | --- |
| . | Elisa Lintemuth | 0.7 hours | 150.00 | 105.00 |
| . | John Rhoades | 0.0 hours | 75.00 | --- |
| . | Nancy Kimball | 0.0 hours | 100.00 | — |
|   | TOTAL | 19.5 hours |  | $ 4,368.00 |

Because Attorney Ziad Kased did not raise any objections to Defendant Fifth Third Bank's requested costs in the amount of $112.86, the Court will not either.

## II.  Conclusion

For the above-stated reasons, Defendant Fifth Third Bank's petition for attorney fees and costs is GRANTED IN PART.  Plaintiffs' counsel shall pay to Defendant Fifth Third Bank attorney fees in the amount of $17,251.00 and costs in the amount of $112.86.


          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated:  March 3, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2011, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer

Case Manager